

**ORDERED in the Southern District of Florida on April 05, 2011.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

CABI SMA Tower I, LLLP,[1]

Case No. 10-49009-BKC-AJC

Chapter 11

Debtor.
_____/

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO COMPEL ASSUMPTION OR REJECTION OF PURCHASE AGREEMENT

This matter came before the Court for a non-evidentiary hearing on February 22, 2011 at 2:30 p.m. (the "Hearing") upon the *Motion to Compel Assumption or Rejection of Executory Contracts, to Determine Said Contracts Non-Assumable; or, Alternatively Establishing Time Period to Assume or Reject Executory Contracts* [ECF No. 41] (the "Motion") and the *Debtor's Response in Opposition to Motion to Compel Assumption or Rejection of Purchase Agreement* [ECF No. 44] (the "Response").

---

[1] The Debtor's current mailing address is 19950 W. Country Club Dr., Suite 900, Aventura, FL 33180. The last four digits of the Debtor's tax identification number are [2440].

MIAMI 2455492

The Court, having reviewed the file and submissions of all interested parties, considered the testimony and arguments presented at the Hearing, and otherwise been duly informed, denies the Motion and, pursuant to Federal Rule of Civil Procedure 52 as made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014, enters the following findings of fact and conclusions of law.

I.   BACKGROUND

The following facts are not in dispute:

A.   The Property

The Debtor is the owner of multiple vacant parcels on South Miami Avenue between S.W. 14th Street and S.W. 14th Terrace in Miami, Florida (collectively, the "Parcels"). The Debtor acquired the Parcels to develop residential, hotel, and retail space, including a condominium development (the "Condominium Tower"). The Parcels are currently being managed by Cabi Developers, LLC pursuant to a management agreement.

B.   The Purchase Contracts

Prepetition, Mark Weisberg, Marc Swedroe, and John Haggiag (collectively, the "Purchasers") entered into purchase agreements (collectively, the "Purchase Agreements") with the Debtor to purchase condominium units in the Condominium Tower.

C.   The Motion to Compel

On February 8, 2011, the Purchasers filed the Motion to Compel, seeking (1) immediate assumption or rejection of the Purchase Agreements, or (2) an expedited date certain for assumption or rejection. At the hearing, Counsel for the Purchasers argued that the Purchasers have been prejudiced due to the delay in construction of the Condominium Tower. The Purchasers argue that the Debtor's inability to complete construction of the Condominium

MIAMI 2455492

2


Tower prior to July 2010 provides sufficient justification to this Court for requiring an immediate assumption or rejection of the Purchase Agreements.

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.   The Automatic Stay is a Fundamental Protection of the Bankruptcy Code

The legislative history of §365 emphasizes that "[t]he automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws." H.R. Rep. No. 95-595, at 340 (1977); *reprinted in* 1978 U.S.C.C.A.N. 5963, 6296-97; *see also Dawson v. Washington Mutual Bank (In re Dawson)*, 390 F.3d 1139, 1147 (9th Cir. 2004) (quoting same); *In re Kilby*, 100 B.R. 579 (Bankr. M.D. Fla. 1989) (citing same). The automatic stay has three primary purposes: (1) to provide the debtor with "breathing room" and adequate time to formulate a reorganization plan without contending with the financial pressures that drove the debtor to file bankruptcy, (2) to assure all parties that there will be no "race to the courthouse" between creditor constituencies, and (3) to offer the debtor an opportunity to "harmonize the interests of both debtor and creditors while preserving the debtors assets for repayment and reorganization . . . ." *Johnston v. Parker (In re Johnston)*, 321 B.R. 262 (D. Ariz. 2005) (internal citations and quotations omitted).

The automatic stay is designed to give an honest debtor the opportunity to protect its assets so that the debtor can marshal its resources to satisfy existing obligations. *Walker v. Midland Mortgage Co. (In re Medlin)*, 201 B.R. 188, 193 (Bankr. E.D. Tenn. 1996) (quoting *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. Ltd. P'ship)*, 30 F.3d 734, 737 (6th Cir. 1994)). Providing the debtor with adequate time to evaluate the merits of its existing contractual obligations ultimately benefits all parties in interest. *See In re Wheeling-Pittsburgh Steel Corp.*, 54 B.R. 385, 388 (Bankr. W.D. Pa. 1985) (noting that it is "vitally important" to all parties that the debtor make a carefully considered decision whether to assume

or reject an executory contract); *see also Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1216 (7th Cir. 1984) ("To interpret the Code so as to minimize flexibility and rush the debtor into what may be an improvident decision does not further the purposes of the reorganization provisions."); *In re Dana Corp.*, 350 B.R. 144, 147 (Bankr. S.D.N.Y. 2006) ("Permitting a debtor to make its decision as late as plan confirmation enables the debtor to carefully evaluate the possible benefits and burdens of an executory contract.").

Moreover, "[i]t is the clear policy of the Bankruptcy Code to provide the debtor with breathing space following the filing of a bankruptcy petition, continuing until the confirmation of a plan, in which to assume or reject an executory contract." *In re Adelphia Commc'ns Corp.*, 291 B.R. 283 B.R. 292 (Bankr. S.D.N.Y. 2003); *Dana Corp.*, 350 at 147 (quoting same).

### B. The Purchasers Have Not Shown That "Cause" Exists to Accelerate the Timeline Provided in Section 365(d)(1)

Section 365(d)(2) provides that the court "*may,* but is not required to, order the debtor to make its decision [to assume or reject] within a specified period of time." *Wheeling-Pittsburgh*, 54 B.R. at 388 (emphasis in original). In such a case, the court may find that assumption or rejection should occur within a "reasonable time." *Id.* What constitutes a reasonable time is left to the bankruptcy court's discretion in light of all relevant facts and circumstances. *Id.* (quoting *In re New York Deli Ltd.*, 41 B.R. 198, 200 (Bankr. Hawaii 1984)).

The burden is upon the movant to show that cause exists to shorten the time provided by section 365(d)(2). *Dana Corp.*, 350 B.R. at 147. In determining whether cause exists, courts have considered: (1) the importance of the contracts to the debtor's business and reorganization; (2) the debtor's failure or ability to satisfy post-petition obligations; (3) the nature of the interests at stake; (4) the balance of hurt to the litigants and the good to be achieved;

(5) whether the debtor has sufficient time to appraise its financial situation and the potential value of the assets in formulating a plan; (6) the safeguards afforded to the litigants; (7) the damage that the non-debtor will suffer beyond the compensation available under the Bankruptcy Code; (8) whether there is a need for judicial determination as to whether an executory contract exists; (9) whether exclusivity has been terminated; (10) whether the action to be taken is so in derogation of Congress's scheme that the court may be said to be arbitrary; and (11) the purpose of chapter 11, which is to permit successful rehabilitation of debtors. *Id.,* 350 B.R. at 147; *see also Adelphia*, 291 B.R. at 293.

### C. The Relevant Factors Do Not Support the Relief Requested

Although, as noted above, many factors are potentially relevant to a court's determination whether cause exists to shorten the time for assumption or rejection, the last factor, the successful rehabilitation of the debtor, is generally accorded the most weight. *See Adelphia*, 291 B.R. at 293 (quoting *In re Teligent, Inc.*, 268 B.R. 723, 738-39 (Bankr. S.D.N.Y. 2001)). This factor supports allowing the Debtor to use the full time provided by § 362(d)(1) to meaningfully evaluate the benefits and burdens of its prepetition contracts. Accordingly, in light of the early stage of this case and the procedural posture of this Motion, the Court will deny the Motion for the following reasons:

*Importance of the Contracts to the Debtor's Business and Reorganization.* The Purchase Agreements are integral if the Debtor proceeds to develop the Parcels. As such, whether the Debtor elects to assume or reject the Purchase Agreements will likely be an important element of the Debtor's overall reorganization strategy.

*Debtor's Failure or Ability to Satisfy Postpetition Obligations.* The Court is not aware of any current default by the Debtor in respect of postpetition obligations arising from the Purchase Agreements.

MIAMI 2455492

5

*Nature of the Interests at Stake*. The nature of the interests at stake, namely, the development of condominium units in the Condominium Tower, may be fundamental to the Debtor's business plan.

*Balance of Hurt to the Litigants and the Good to be Achieved*. Although the Purchasers have a personal financial stake in Purchase Agreements, this interest does not outweigh the Debtor's right to formulate a business plan predicated upon the future development of the Parcels. Forcing the Debtor to make a determination as to the assumption or rejection of the Purchase Agreements at this juncture is premature and could detrimentally impact future development of the Parcels.

*Whether the Debtor Has Sufficient Time to Appraise its Financial Situation and the Potential Value of the Assets in Formulating a Plan*. The Debtor filed its bankruptcy case approximately two months ago. The meeting of creditors was held a few weeks ago. Exclusivity will not expire for several months. The Debtor has not yet had the time to thoroughly assess its financial situation and the potential value of all of its assets.

*Safeguards Afforded to the Litigants*. Both the Debtor and the Purchasers continue to enjoy all necessary safeguards of the Bankruptcy Code. Should the Debtor fail to timely file a chapter 11 plan within the exclusive period, the Purchasers may renew their motion to compel assumption or rejection.

*Damage That the Non-Debtor Will Suffer Beyond the Compensation Available Under the Bankruptcy Code*. No evidence has been presented to demonstrate that the Purchasers will suffer harm that cannot be cured by the compensation provided by the Bankruptcy Code. By contrast, compelling the Debtor to make a hasty decision as to the Purchase Agreements may impede the Debtor's ability to effectively reorganize.

*Whether There is a Need for Judicial Determination as to Whether an Executory Contract Exists*. Neither party has presently indicated its intent to argue that the Purchase Agreements are not executory.

*Whether Exclusivity Has Been Terminated*. Exclusivity has not been terminated and will not terminate for months.

*Whether the Action to be Taken Is so in Derogation of Congress' Scheme That the Court May Be Said to Be Arbitrary*. Permitting the Debtor sufficient time to develop its reorganization strategy furthers Congress' scheme and is in no way arbitrary. *See Dana Corp.*, 350 B.R. at 149 ("At this early stage in the cases and months before exclusivity is set to expire, this Court will not shorten the time that Congress intended the Debtors to have to make these crucial decisions.")

*Purpose of Chapter 11 (Successful Rehabilitation of Debtors)*. This factor strongly weighs in favor of denying the Motion to Compel. Carefully evaluating the burdens and benefits of all executory contracts, including the Purchase Agreements, is essential to the Debtor's ability to formulate and negotiate a successful rehabilitation of its existing obligations. Without sufficient time to contemplate the relative merits of its potential strategies, the Debtor may suffer irreparable harm. Accordingly, it is

ORDERED AND ADJUDGED that the Motion is DENIED without prejudice to renewal by the Purchasers, should the Debtor not timely file a plan of reorganization.

###

Submitted by:
Mindy A. Mora, Esq
Bilzin Sumberg Baena Price & Axelrod, LLP
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131

Copy furnished to:
Mindy A. Mora, Esq., who shall serve a copy of this order on all interested parties and file a certificate of service